1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

JENNIFER GRANT,

CASE NO. 15-cv-874 WQH (BLM)

11

Plaintiff,

ORDER

v.

12

HON. JEFFREY BOSTWICK,

13

Defendant.

14

HAYES, Judge:

15        The matters before the Court are: (1) the Motion to Dismiss Complaint with

16 Prejudice (ECF No. 9) filed by Defendant Honorable Jeffrey Bostwick and (2) the

17 Motion to Issue a Preliminary Injunction to Stay State Probate Court Proceedings (ECF

18 No. 15) filed by Plaintiff Jennifer Grant.

19 **I.      Background**

20        On April 21, 2015, Plaintiff initiated this action by filing the Complaint pursuant

21 to 42 U.S.C. § 1983 alleging violations of her Fourteenth Amendment rights. (ECF No.

22 1). On July 15, 2015, Defendant filed the Motion to Dismiss Complaint with Prejudice.

23 (ECF No. 9).  On August 6, 2015, Plaintiff filed a response in opposition.  (ECF No.

24 10).  On August 17, 2015, Defendant filed a reply.  (ECF No. 13).  On September 15,

25 2015, Plaintiff filed the Motion to Issue a Preliminary Injunction to Stay State Probate

26 Proceedings pending the resolution of this case.  (ECF No. 15).

27 **II.     Allegations of the Complaint**

28        Plaintiff Jennifer Grant is the trustee of the "B (administrative) subsection of the

Schwichtenberg Revocable Trust ("trust"), dated July 28, 1982, an ABC trust that is currently the subject of proceedings in San Diego Superior Court's Central Probate Division." (ECF No. 1 at 2). Defendant Jeffrey Bostwick is the judge presiding over the administration of the Trust in San Diego Superior Court's Central Probate Division. *Id.*

In "July 2010, Plaintiff was left a condo as a life estate by her mother." *Id.* In August 2010, Plaintiff's mother died. *Id.* at 4. The "[c]ondo is in subsection A" of the trust and "is currently insolvent." *Id.* at 3. "Trust subsection B has been subject to brokerage fraud and monies paid out of it against court order." *Id.* at 3. Defendant has been presiding over administration of the trust in probate court since September 2012. *Id.* "Defendant has presided over a total of seven petitions" and multiple oral hearings. *Id.*

Prior to becoming a judge, "Defendant rented from and shared office space with" attorney Constance Larsen, who is representing the former trustee of subtrust A, Rusty Grant (no relation to Plaintiff). Rusty Grant also "shared office space" with Larsen in the past and Plaintiff is uncertain whether Defendant and Rusty Grant ever shared office space. *Id.* at 4. "Defendant did disclose his previous relationship with Larsen but refused to recuse himself stating that he could 'be fair.'" *Id.*

Plaintiff alleges that she relied upon Defendant's representation that he could be fair, and "therefore fail[ed] to make a timely peremptory challenge." *Id.* Plaintiff alleges that the preexisting relationships between Defendant, Rusty Grant, and Larsen create conflicts of interest in her probate case. *Id.* Plaintiff alleges Defendant conducted a "partial and unjust tribunal . . . ." *Id.* at 14. "Defendant conducts partial Case Management conferences where he includes attorneys of former trustees . . . [and] allows them to give input on Petitions to which they were never legal parties." *Id.* at 15. "Defendant ignores Plaintiff at conferences, giving preference to the desires of [former trustees' attorneys]."

Plaintiff alleges Defendant "deprived Plaintiff of a hearing on her allegations of

[Rusty Grant's] breaches of fiduciary duty . . . ." *Id.* at 8.  Plaintiff alleges that Defendant's failure to "sua sponte dismiss illegally plead petitions" deprived Plaintiff of access to the condo for the last four years and created "circumstances leading to imminent forced sale and ongoing deterioration" of the condo because Subtrust A became insolvent. *Id.* at 4.  Plaintiff alleges that Defendant "unlawfully suspended Plaintiff, without notice or opportunity to put on a defense, from her trust bestowed trusteeship of sections B and C" for hostility between Plaintiff and her brother and opposing counsel. *Id.* at 10-11.  Plaintiff alleges that "Defendant abused his power by appointing a private fiduciary as a temporary trustee. . ." because this appointment "violated trust terms . . . ." *Id.* at 12.  Plaintiff alleges that "[w]hen Plaintiff attempted to . . . exercise her trust given right of removal through an ex parte [motion], Defendant denied it." *Id.* at 13.

Plaintiff requests declaratory relief that Defendant violated her Fourteenth Amendment rights.  Plaintiff requests the Court to declare that Defendant refused to timely hear Plaintiff's petitions and motions and conducted a biased tribunal.  Plaintiff requests the Court to declare that the acts of the Defendant are just cause for disqualification. *Id.* at 16-17.  Plaintiff seeks a declaration "that supervisory control outside San Diego Superior Courts, or removal to another county, is necessary to protect Plaintiff's and the trust beneficiaries' Fourteenth Amendment right to an impartial tribunal." *Id.* at 17.  Plaintiff seeks an award of costs. *Id.*

**III.   Contentions of the Parties**

Defendant moves to dismiss Plaintiff's Complaint on the grounds that (1) this Court lacks jurisdiction under the probate exception, (2) Judge Bostwick enjoys absolute judicial immunity against Plaintiff's claim, (3) the *Younger* abstention doctrine bars this action, (4) Eleventh Amendment immunity bars Plaintiff's action against Judge Bostwick, and (5) Plaintiff's claim for injunctive relief against Judge Bostwick is barred by 42 U.S.C. § 1983.  (ECF No. 9-1)

Plaintiff contends that (1) the probate exception does not apply to this case; (2)

"[j]udicial immunity does NOT extend to 42 USC Section 1983 cases against state judges" because "Plaintiff is not seeking monetary damages," (3) this case does not involve the "circumstances to which the Younger Abstention Doctrine applies," (4) the Eleventh Amendment does not apply because "Plaintiff sued Defendant solely under his individual capacity" and for "equitable relief only," and (5) Plaintiff "can obtain declaratory and injunctive relief . . . under the condition that a declaratory decree was violated or that declaratory relief was unavailable." (ECF No. 10-1 at 15-25)

## IV.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Medical Colleges v. United States*, 217

F.3d 770, 778-79 (9th Cir. 2000). In resolving an attack on a court's jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air For Everyone v. Doyle,* 373 F.3d 1035, 1039 (9th Cir. 2004). Issues regarding subject matter jurisdiction may be raised at any time, even on appeal, by motion or sua sponte by the court. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland,* 316 F.3d 822, 826-27 (9th Cir. 2002).

**V.    Discussion**

Defendant contends that Plaintiff's claim should be dismissed with prejudice because he enjoys absolute judicial immunity as a judicial officer. (ECF No. 9-1 at 6-7). Plaintiff contends that judicial immunity does not extend to Section 1983 cases against state judges seeking only injunctive relief. (ECF No. 10-1 at 17-18).

Generally, "judges of courts of superior or general jurisdiction are not liable in civil actions for their judicial acts. . . ." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "Judicial immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e. actions not taken in the judge's judicial capacity. . . . Second, a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[A]bsolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges . . . may on occasion be assigned to perform." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). The Court of Appeals for the Ninth Circuit has identified four factors relevant to resolving whether a particular act is judicial in nature:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*Id.* (quoting *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999)). The inquiry focuses on whether the "nature and function of the act" is normally performed by a judge, "not the act itself." *Mireles*, 502 U.S. at 13. "[I]f only the particular act in

question were to be scrutinized, then any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id.* at 12.

In this case, Plaintiff challenges the decisions of the Defendant to proceed as the judge in the pending probate case, to suspend Plaintiff as a trustee, and to appoint a Public Administrator and a private fiduciary as temporary trustee. Plaintiff also challenges Defendant's decision to timely hear Plaintiff's petitions and motions and Defendant's failure to rule in her favor. Each of Defendant's decisions occurred within the scope of the ongoing state probate proceedings. Defendant's actions are normal judicial functions undertaken in state probate court proceedings and arose from interactions between the Plaintiff and Defendant in state probate court. Plaintiff challenges actions by the Defendant which are judicial in nature and taken in an ongoing state proceeding within the court's jurisdiction.

In *Pulliam v. Allen*, 466 U.S. 522 (1984) the Supreme Court held that while judicial immunity bars actions against judges seeking monetary damages, "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Id.* at 541-42. After *Pulliam*, however, Congress narrowed the judicial immunity exception. Section § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (as amended by Pub. L. 104–307, Title III, § 309(c), 110 Stat. 3853 (Oct. 19, 1996)).

Plaintiff challenges actions taken by Defendant Judge Bostwick in his judicial capacity in ongoing state probate proceedings seeking prospective injunctive relief under § 1983. The Complaint fails to allege facts to support the conclusion that the exception to judicial immunity from suit in a § 1983 action for injunctive relief–namely, violation of a declaratory decree or the unavailability of declaratory relief–would apply in this case. The facts alleged in the Complaint do not state a plausible claim for relief

under § 1983.

The *Younger* abstention doctrine and the probate exception to federal jurisdiction provide alternate grounds for dismissing Plaintiff's claim. Plaintiff's claim is closely related to the issues pending in the underlying probate court proceeding. The relief requested would require the Court to determine issues that fall within the purview of the state probate court. The Court declines to interfere with ongoing judicial proceedings in state probate court. *See New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) (holding that under *Younger* abstention, federal courts should not enjoin pending civil proceedings involving "orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions"); *Marshall v. Marshall*, 547 U.S. 293 (2006) (prohibiting federal courts from adjudicating rights that would interfere with the state probate court's administration of a decedent's estate).

## VI. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Honorable Jeffrey Bostwick (ECF No. 9) is granted without prejudice. If no motion for leave to file a first amended complaint is filed within thirty (30) days of this order, the case will be closed.

IT IS FURTHER ORDERED that the Motion to Issue a Preliminary Injunction to Stay State Probate Court Proceedings filed by Plaintiff Jennifer Grant (ECF No. 15) is denied as moot.

DATED: October 22, 2015

**WILLIAM Q. HAYES**
United States District Judge