UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER GRANT,<br><br>Plaintiff,<br>v.<br>HON. JEFFREY BOSTWICK,<br><br>Defendant. | CASE NO. 15-cv-874 WQH (BLM)<br>ORDER |

HAYES, Judge:

The matters before the Court are: (1) the Motion for Sanctions and Costs (ECF No. 38) filed by Plaintiff Jennifer Grant, (2) the Motion to Dismiss First Amended Complaint (ECF No. 40) filed by Defendant Honorable Jeffrey Bostwick, and (3) the Ex Parte Application to Shorten Time (ECF No. 48) filed by Plaintiff.

**I. Background**

On April 21, 2015, Plaintiff initiated this action by filing the Complaint pursuant to 42 U.S.C. § 1983 alleging violations of her Fourteenth Amendment rights. (ECF No. 1).

On July 15, 2015, Defendant filed a motion to dismiss. (ECF No. 9). On September 15, 2015, Plaintiff filed a motion for a preliminary injunction to stay state probate proceedings pending the resolution of this case. (ECF No. 15). On October 22, 2015, the Court granted the motion to dismiss and denied the motion for a preliminary injunction to stay probate proceedings. (ECF No. 23).

On November 3, 2015, Plaintiff filed a "Motion for Altering the Judgment of

Docket #23." (ECF No. 25). On January 13, 2016, the Court denied Plaintiff's motion. (ECF No. 32).

On February 9, 2016, Plaintiff filed a motion for leave to file a First Amended Complaint. (ECF No. 33). On February 23, 2016, Defendant filed an opposition. (ECF No. 34). On March 18, 2016, the Court issued an Order granting the motion for leave to file a First Amended Complaint. (ECF No. 36). On March 23, 2016, Plaintiff filed a First Amended Complaint, which became the operative pleading in this case. (ECF No. 37).

On April 5, 2016, Plaintiff filed the motion for sanctions and costs based on Defendant's opposition to the motion for leave to file an amended complaint. (ECF No. 38). On April 7, 2016, Defendant filed the motion to dismiss. (ECF No. 40). On April 22, 2016, Defendant filed an opposition to the motion for sanctions. (ECF No. 42). On the same day, Plaintiff filed an opposition to the motion to dismiss. (ECF No. 41). On April 29, 2016, Plaintiff filed a reply to the opposition to the motion for sanctions and costs. (ECF No. 43). On the same day, Defendant filed a reply to the opposition to the motion to dismiss. (ECF No. 44). On May 27, 2016, with the Court's permission, Plaintiff filed a sur-reply to the motion to dismiss. (ECF No. 47).

On June 17, 2016, Plaintiff filed an ex parte application to shorten time for decision on the motion for sanctions and costs and the motion to dismiss. (ECF No. 48).

**II. Motion to Dismiss First Amended Complaint**

**A. Allegations of the First Amended Complaint**

Plaintiff Jennifer Grant is a beneficiary of the Schwichtenberg Revocable Family Trust ("trust"), dated July 28, 1982, and is the trustee of the B subsection of the trust. (ECF No. 23 at ¶ 2). Defendant Jeffrey Bostwick is the judge presiding over the administration of the trust in San Diego Superior Court's Central Probate Provision. *Id.* ¶ 7.

"Defendant inherited Pro-Per Plaintiff's case . . . in September 2012 . . . ." *Id.*

¶ 13. Upon the death of Plaintiff's mother, "Rusty [Grant], no relation to Plaintiff, was to become the trustee of section A of Plaintiff's parents' ABC inter-vivos trust . . . ." *Id.* ¶ 14. "With no legal authority, Rusty took over all three sections of the trust the day Plaintiff's mother died." *Id.* ¶ 15.

"Defendant lacked subject matter jurisdiction. Both Plaintiff's parent's wills specifically state that their intention in creating the trust was NOT to subject their assets to probate court." *Id.* ¶ 16.

> Rusty/Larsen's petition opened the case purporting to be an internal affairs petition . . . . It was illegally plead due to: 1) lack of capacity . . . as Rusty claimed capacity as trustee of the whole trust 2) limitations of the trust terms regarding the duties accorded the trustee of section A post the last settlor's death, . . . 3) failure to meet the standards for proper pleading since its intent was to harass Plaintiff . . . .

*Id.* ¶ 18.

> Plaintiff tried to bring [to] Defendant's attention . . . that not only was Rusty illegally acting as the administrative B section trustee . . . but she and Larsen were 1) purposefully trying to destroy the trust home and denying her access so that she was deprived for years of its enjoyment and use 2) had stolen from the trust home, 3) were acting beyond the duties permitted a trustee of section A, 4) were misusing trust funds, 5) were violating the duties of care and loyalty . . . 6) and otherwise disobeying trust terms in a concentrated effort to force the sale of the trust home . . . by bankrupting trust A so the home would end up in foreclosure abatement forcing its sale.

*Id.* ¶ 21.

> Between September 2012 and June 2013, Defendant had not only denied Plaintiff's oral motion for a hearing to show cause on why Rusty should not be removed but continually postponed calendering trial on the Remove Trustee Petition . . . . Defendant also ignored allegations in case management statements and denied numerous ex-partes filed by Plaintiff as 'not urgent' despite clear and convincing exhibits that accompanied the ex-parte documents providing that Plaintiff was being injured by Rusty/Larsen in the manner described.

*Id.* ¶ 24.

"Defendant denied Plaintiff of her liberty to assume the 'job' her parents had given her under the trust instrument" and "suspended Plaintiff . . . for hostility with her brother and Larsen." *Id.* ¶ 28. Plaintiff alleges that Defendant denied her the "choice of appointment of successor trustees" and "appointed a public administrator over all the trust sections." *Id.* ¶ 29. Plaintiff alleges that Defendant denied "Plaintiff her 14th

amendment rights through the conduction of a biased courtroom." *Id.* ¶ 32. Plaintiff alleges that after she regained trusteeship over the B and C sections of the trust, "Defendant continued to act with bias and restrict Plaintiff's liberty to act as trustee by ignoring Plaintiff . . . ." *Id.* ¶ 39. Plaintiff alleges that Defendant failed to grant ex parte applications, refused to provide her with a hearing, and "ignored Plaintiff's protests over [a] violation of civil procedure." *Id.* ¶¶ 34, 40, 42.

> Defendant, acting under color of law, has a long history with a well established pattern of abusing the power of his office to deny Plaintiff due process and equal protection of the law with the intent of depriving Plaintiff of the property to which she is legitimately entitled under the trust instrument and her earnings and savings while restricting her liberty to act as trust named administrative trustee.

*Id.* ¶ 19.

Plaintiff seeks declaratory and injunctive relief under 42 U.S.C. § 1983. Plaintiff seeks a declaratory judgment that Defendant has violated and continues to violate her Fourteenth Amendment rights by: (1) conducting proceedings without personal or subject matter jurisdiction, (2) denying Plaintiff a timely hearing on former trustee's alleged breaches of fiduciary duty and state crimes, (3) appointing a temporary trustee, (4) acting without jurisdiction to conduct proceedings on the temporary trustee's accounting/fee petition, (5) acting without jurisdiction should Defendant attempt to hear any fee petitions by former trustees, and (6) denying Plaintiff due process by refusing to hear her requests for attorney's fees and costs. *Id.* at 36-39. Plaintiff also seeks a declaratory judgment that Defendant "acted as an accessory after the fact to prevent the former trustee, Rusty Grant, from facing punishment for felony crimes. *Id.* at 39.

With regard to injunctive relief, Plaintiff requests the Court to "exercise supplemental jurisdiction" over certain probate petitions and order Defendant to either consolidate the petitions and immediately set them for trial or make a record of the trial and provide it to Plaintiff and this Court, to enable this Court to "conduct a timely judicial review of the proceedings." *Id.* at 40-41. Alternatively, Plaintiff requests that the trial "be conducted by Defendant before the District Court" or "be conducted by the

Honorable William Q. Hayes in District Court." *Id.* at 41. Plaintiff requests similar relief with regard to her request for attorney's fees. *Id.* at 41-42. Plaintiff requests the Court to "arrange with the local district attorney's and federal prosecutor's offices . . . for a hearing before a grand jury." *Id.* at 42.

**B. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Medical Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000). In resolving an attack on a court's jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air For Everyone v.*

*Doyle*, 373 F.3d 1035, 1039 (9th Cir. 2004). Issues regarding subject matter jurisdiction may be raised at any time, even on appeal, by motion or sua sponte by the court. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland*, 316 F.3d 822, 826-27 (9th Cir. 2002).

### C. Judicial Notice

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, there are "exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion." *Id.* Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). "[U]nder Fed.R.Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee*, 250 F.3d at 689 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)). Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted).

Defendant requests judicial notice of certain filings and orders from the probate case in which Plaintiff's allegations against Defendant arose. The documents requested to be noticed are proceedings in another court that have a direct relation to the matters at issue and are in the public record. *See U.S. ex rel. Robinson Rancheria Citizens Council*, 971 F.2d at 248; *Lee*, 250 F.3d at 689. Defendant's request for judicial notice is granted.

### C. Contentions of the Parties

Defendant moves to dismiss Plaintiff's Complaint with prejudice on the grounds

that (1) this Court lacks jurisdiction under the probate exception because the action in state court is properly under the state probate court's jurisdiction, (2) Defendant enjoys absolute judicial immunity against Plaintiff's claim, (3) the *Younger* abstention doctrine bars this action, (4) Eleventh Amendment immunity bars Plaintiff's action against Defendant, and (5) the First Amended Complaint fails to state sufficient facts to state a cognizable claim against Defendant.

Plaintiff contends that she is suing Defendant only in his individual capacity for acts and omissions committed as a judicial officer. Plaintiff contends that Defendant's acts alleged in the First Amended Complaint were non-judicial. Plaintiff contends that she is not asking the Court to re-litigate Defendant's previous rulings. Plaintiff contends that Defendant acted without jurisdiction and therefore does not have immunity. Plaintiff contends that the probate exception only applies to probate cases, not to civil rights cases in which the Defendant is a probate judge acting in a probate courtroom. Plaintiff contends that the probate exception applies only to wills, not trusts. Plaintiff contends that *Younger* abstention does not apply because the state does not have an interest in the case because Defendant is sued only in his individual capacity.

**D. Discussion**

Generally, "judges of courts of superior or general jurisdiction are not liable in civil actions for their judicial acts . . . ." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "Judicial immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e. actions not taken in the judge's judicial capacity. . . . Second, a judge is not immune from actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[A]bsolute judicial immunity does not apply to non-judicial actions, i.e. the administrative, legislative, and executive functions that judges . . . may on occasion be assigned to perform." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). The Court of Appeals for the Ninth Circuit has identified four factors

relevant to resolving whether a particular act is judicial in nature:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*Id.* (quoting *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999)). The inquiry focuses on whether the "nature and function of the act" is normally performed by a judge, "not the act itself." *Mireles*, 502 U.S. at 13. "[I]f only the particular act in question were to be scrutinized, then any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id.* at 12.

The First Amended Complaint challenges the decisions of Defendant to proceed as the judge in the pending probate case, to suspend Plaintiff as a trustee, and to appoint a Public Administrator as temporary trustee, just as the original Complaint did. Plaintiff also challenges Defendant's decision to timely hear Plaintiff's petitions and motions and Defendant's failure to rule in her favor. Each of Defendant's decisions occurred within the scope of the ongoing state probate proceedings. Defendant's actions are normal judicial functions undertaken in state probate proceedings and arose from interactions between the Plaintiff and Defendant in state probate court. Plaintiff has not alleged sufficient factual allegations to show that Defendant acted "in complete absence of all jurisdiction." *See Mireles*, 502 U.S. at 11. The First Amended Complaint challenges actions by the Defendant which are judicial in nature and taken in an ongoing state proceeding within the state probate court's jurisdiction.

In *Pulliam v. Allen*, 466 U.S. 522 (1984), the Supreme Court held that while judicial immunity bars actions against judges seeking monetary damages, "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Id.* at 541-42. After *Pulliam*, however, Congress narrowed the judicial immunity exception. Section 983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity,

injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (as amended by Pub. L. 104–307, Title III, § 309(c), 110 Stat. 3852 (Oct. 19, 1996)).

Plaintiff challenges actions taken by Defendant Judge Bostwick in his judicial capacity in ongoing state probate proceedings seeking prospective injunctive relief under § 1983. In the Order dismissing the original Complaint, the Court concluded, "The Complaint fails to allege facts to support the conclusion that the exception to judicial immunity from suit in a § 1983 action for injunctive relief—namely, violation of a declaratory decree or the unavailability of declaratory relief—would apply in this case." (ECF No. 23 at 6). In the First Amended Complaint, Plaintiff asserts that "injunctive relief is necessary because no declaratory decree is available that would prevent Defendant continuing his pattern of behavior that violates Plaintiff's 14th amendment rights . . . ." (ECF No. 37 at 40). However, the First Amended Complaint does not provide sufficient facts to infer that no declaratory relief is available. *See Sprewell*, 266 F.3d at 988 (a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (citation omitted); *Moss*, 572 F.3d at 969 ("for a complaint to survive a motion to dismiss, the non-conclusory factual content and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief") (citation and internal quotation marks omitted). To the extent that Plaintiff seeks to challenge the decisions Defendant has made in probate court proceedings, Plaintiff is free to file an appeal with the California Court of Appeal. The Court concludes that the First Amended Complaint fails to allege facts to support the conclusion that an exception to judicial immunity applies in this case. The facts alleged in the First Amended Complaint do not state a plausible claim for relief under § 1983.

In the Order dismissing Plaintiff's original Complaint, the Court concluded that the *Younger* abstention doctrine and the probate exception to federal jurisdiction provided alternate grounds for dismissing Plaintiff's claim. (ECF No. 23 at 7). The

Court concludes that *Younger* abstention and the probate exception also provide grounds for dismissing Plaintiff's First Amended Complaint. Plaintiff's claim is closely related to the issues pending in the underlying state probate court proceeding. The relief requested would require the Court to determine issues that fall within the purview of the state probate court. The Court declines to interfere with ongoing judicial proceedings in state probate court. *See New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) (holding that under *Younger* abstention, federal courts should not enjoin pending civil proceedings involving "orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions"); *Marshall v. Marshall*, 547 U.S. 293 (2006) (prohibiting federal courts from adjudicating rights that would interfere with the state probate court's administration of a decedent's estate).

The motion to dismiss the First Amended Complaint with prejudice is granted. Plaintiff has had an opportunity to amend her pleadings and has only alleged facts regarding Defendant's actions that are covered by judicial immunity. The First Amended Complaint is dismissed with prejudice.

### III. Motion for Sanctions and Costs

Plaintiff contends that Defendant's counsel violated Federal Rule of Civil Procedure 11(b) by making statements in Defendant's opposition to the Plaintiff's motion for leave to file an amended complaint (ECF No. 34) that intentionally attempted to mislead the court and by "presenting background facts regarding previous rulings and Plaintiff's prayers out of context." (ECF No. 38-1). Plaintiff contends that Defendant's counsel tried to commit fraud upon the Court with her arguments and citation to inapplicable caselaw.

Defendant contends that Plaintiff's motion should be denied as procedurally improper because it was filed after the Court ruled on the underlying motion for leave to file an amended complaint. Defendant contends that the motion became moot when the Court issued its Order granting Plaintiff's motion to amend the Complaint.

Defendant contends that the motion for sanctions is without merit because all factual citations and legal arguments made in the opposition were accurate and made in good faith.

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of Southern California v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 494 U.S. 384, 393 (1990). "Motions for Rule 11 attorney's fees cannot be served after the district court has decided the merits of the underlying dispute giving rise to the questionable filing. This is because once the court has decided the underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial economy." *Id.* at 873 (citing Advisory Committee's Notes to the 1993 Amendments to Rule 11 (noting that a party may not serve a motion for Rule 11 sanctions after "judicial rejection of the offending contention")).

In this case, on February 9, 20016, Plaintiff filed the motion for leave to file an amended complaint. On February 23, 2016, Defendant filed the opposition to the motion, which is the basis for the motion for sanctions. On March 18, 2016, the Court issued an Order granting the motion for leave to amend. On April 5, 2016, Plaintiff filed the motion for sanctions and costs. Because the motion for sanctions was filed after the Court decided the merits of the underlying motion for leave to amend and after "judicial rejection" of the arguments made in Defendant's opposition, the motion for sanctions is denied. *See Islamic Shura Council of Southern California*, 757 F.3d at 873 (reversing an order granting a motion for sanctions where the motion for sanctions was filed after the Court had ruled on the motion underlying the dispute); Advisory Committee's Notes to the 1993 Amendments to Rule 11.

///
///
///

## IV. Conclusion

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 40) filed by Defendant Honorable Jeffrey Bostwick is granted. The First Amended Complaint is dismissed with prejudice. The Clerk of the Court shall close the case.

IT IS FURTHER ORDERED that the motion for sanctions and costs (ECF No. 38) is denied.

IT IS FURTHER ORDERED that the "Ex Parte Motion to Shorten Time for a Decision on Dkt 38 & 40" (ECF No. 48) is denied as moot.

DATED: 7/20/16

WILLIAM Q. HAYES
United States District Judge